```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,           :
                                         07 Cr. 749 (SHS)
        - v. -                      :

RAPHAEL RODRIGUEZ,                  :

            Defendant.              :

- - - - - - - - - - - - - - - - - -X
```

**GOVERNMENT'S PROPOSED**
**EXAMINATION OF PROSPECTIVE JURORS**

```
                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York,
                            Attorney for the United States
                            of America
```

```
MICHAEL D. MAIMIN
ERIC SNYDER
Assistant United States Attorneys

    - Of Counsel -
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,          :
                                              07 Cr. 749 (SHS)
        - v. -                     :

RAPHAEL RODRIGUEZ,                 :

             Defendant.            :

- - - - - - - - - - - - - - - - - -X
```

## GOVERNMENT'S PROPOSED
## EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

### A.   The Charges

1.   This is a criminal case. The defendant, RAPHAEL RODRIGUEZ has been charged in an indictment with violating the federal firearms law.

2.   The indictment is not evidence itself. It simply contains the charge that the Government is required to prove to

the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

        3.    The indictment contains one count which charges that on or about July 19, 2007, RAPHAEL RODRIGUEZ, the defendant, possessed a firearm, specifically a loaded Taurus .38 caliber revolver, after having been convicted of a crime punishable by imprisonment for a term of more than one year, in other words, after he had been convicted of a felony.

        4.    Do any of you believe you have personal knowledge of the charge contained in the Indictment as I have described it?

    **B.**    **Knowledge of the Trial Participants**

        5.    The defendant in this case is RAPHAEL RODRIGUEZ. [*Please ask the defendant to rise*.]  Do any of you know, or have you had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

        6.    To your knowledge, do any of your relatives, friends, associates, or employers know the defendant?

        7.    The defendant is represented today by John J. Byrnes, Esq. [*Please ask Mr. Byrnes to stand*.]  Do any of you know Mr. Byrnes?

        8.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Michael D. Maimin and Eric Snyder.  [*Please ask the Assistants to stand*.]  Do any of you know Mr. Garcia, Mr. Maimin or Mr. Snyder?  Have you or your family members or close friends had any dealings either directly or indirectly with them?  Mr. Maimin and Mr. Snyder have been assisted in this case by the New York City Police Department, or "NYPD."  Have you or your family members or close friends had any dealings either directly or indirectly with the NYPD?  Have you or your family members or close friends had any dealings either directly or indirectly with the United States Attorney's Office?

        9.    I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case:

> [The Government will provide the Court with a list of potential witnesses before trial.]

Do any of you know any of these people?  Have you had any dealings either directly or indirectly with any of these individuals?

    **C.**    **Relevant Location**

      10.   The conduct at issue in this case and the arrest of the defendant took place in or around 1075 179th Street and 1048 180th Street in the Bronx, New York.  Are any of you familiar with that area of the Bronx?

   D.    **Relationship with Government**

      11.   Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York or the New York City Police Department?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

      12.   Has any juror, either through any experience he or she has had or anything he or she has seen or read, developed any bias, prejudice or other feelings for or against the New York City Police Department?  For or against the United States Attorney's Office?  For or against any other law enforcement agency?

      13.   Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States?  Have any of you had any legal, financial or other interest in any such legal action or dispute, or its outcome?

**E.   Prior Jury Service**

14.   Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county or city court? If so, when and where did you serve?

15.   Have you ever served as a juror in any court? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict?

**F.   Experience as a Witness, Defendant, or Crime Victim**

16.   Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

17.   Have you ever been a witness or a complainant in any federal prosecution or state prosecution?

18.   Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

19.   Have you, or has any member of your family, any associate or close friend, ever been charged with a crime? If so, do you believe that those charges were fairly brought?

5

20.  Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee?

21.  Have you, or any of your close friends or relatives, ever been a victim of a crime?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each crime.*]

22.  Have you, or any of your close friends or relatives, ever been stopped or questioned by any member of the New York City Police Department?  [*As to any prospective juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each incident and that prospective juror's reaction to how he or she was treated by the NYPD.*]

**G.    Ability to Render a Fair and Impartial Verdict**

23.  As you can tell, during the trial, you will hear evidence concerning the unlawful possession of a firearm and ammunition.  Does the fact that the charge involves the unlawful possession of a firearm or ammunition affect your ability to render a fair verdict?

24. Do any of you believe that it should not be a crime for a person who has been convicted of a felony to possess a firearm or ammunition?

25. Do any of you believe that the law governing this crime should not be enforced?

26. Do any of you believe that the federal government should not limit a person's right to bear arms or ammunition?

27. Have you ever owned a firearm or ammunition? If so, for what reason? Has anyone in your family ever owned a firearm or ammunition? If so, for what reason?

28. Have any of you or has any member of your family ever lobbied, petitioned, or worked in any other manner for or against any laws or regulations relating to ammunition, firearms, or gun control? If so, when and what did you do?

29. Has any juror been involved in an offense involving a firearm or ammunition?

30. Has any juror's relative, close friend, or associate ever been involved in an offense involving a firearm or ammunition?

**H.    Law Enforcement Witnesses**

31. The Government witnesses in this case will consist in part of police officers and other personnel from the New York City Police Department. Would any of you be more likely to believe a witness merely because he or she is an officer of the

New York City Police Department or other law enforcement agency? Would any of you be less likely to believe a witness merely because he or she is an officer of the New York City Police Department or other law enforcement agency?

32. Does anyone have any personal feelings or experiences concerning the New York City Police Department that would in any way affect their ability to be fair and impartial in this case?

33. Does anyone have any expectations about the types of evidence that the Government will present in this criminal trials, or in a criminal trial more generally?

34. Would any of you be unable to follow the judge's instructions that the Government is not required to use any particular technique in investigating or presenting evidence of a crime?

I. **Other Questions**

35. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

36. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

37. Do any of you have any difficulty in reading or understanding English in any degree?

38.  Do any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

**J.   Function of the Court and Jury**

39.  The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the indictment.  Does any juror have any bias or prejudice or belief that might prevent or hinder him or her from accepting the instructions of law that I will give you in this case?

40.  Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty or innocent?

41.  Will each of you accept the proposition of law that sympathy or empathy must not enter into the deliberations of the jurors as to guilt or innocence of the defendant, and that

only the evidence produced here in Court may be used by you to determine the guilt or innocence of either defendant?

42.  It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Is there any juror who feels that even if the evidence established a defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

**K.  Other Biases**

43.  In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, bias, or prejudice — and according to the law as it will be explained to you?

**L.  Juror's Background**

44.  The Government respectfully requests that the Court ask each juror to state the following information:

    a.    the juror's age;

    b.    the area in which the juror resides and any other area the juror has resided during the last ten years;

  c.  where the juror was born;

  d.  the juror's educational background, including the highest degree obtained;

  e.  whether the juror has served in the military;

  f.  the juror's occupation;

  g.  the name and location of the juror's employer, and the period of employment with that employer;

  h.  the same information concerning other employment within the last five years;

  i.  the same information with respect to the juror's spouse and any working children;

  j.  what newspapers and magazines the juror reads and how often;

  k.  what television programs the juror regularly watches;

  l.  Does the juror watch "Law and Order," "CSI," or other police dramas?

  m.  the juror's hobbies and leisure-time activities, and organizations;

  n.  whether the juror owns or has ever owned a firearm, and whether anyone in the juror's immediate family owns or has ever owned a firearm; and

  O.  whether the juror -- or any member of the juror's family or friends -- has had any experiences involving the NYPD.

**M.**  **<u>Requested Instruction Following Impaneling of the Jury</u>**

45. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may

be discussing this case.  The rule about not discussing the case with others includes discussions even with members of your own family, and your friends.

    46.    If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense.  They will be acting properly by doing so.

Dated:  New York, New York
        December 3, 2007

                                        Respectfully submitted,

                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York


                            By:    _____/s_____
                                   Michael D. Maimin
                                   Eric Snyder
                                   Assistant United States Attorneys
                                   (212) 637-2238/2534

**AFFIRMATION OF SERVICE**

MICHAEL D. MAIMIN, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on December 3, 2007, I caused one copy of the within Government's Proposed Examination of Prospective Jurors to be delivered by hand to:

> John J. Byrnes, Esq.
> Federal Defender of New York, Inc.
> 52 Duane Street
> 10th Floor
> New York, New York 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:   New York, New York
         December 3, 2007

                                          /s
                              _____
                              MICHAEL D. MAIMIN