# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

Leonard F. Joy
*Executive Director*

*Southern District of New York*
John J. Byrnes
*Attorney-in-Charge*

December 7, 2007

Honorable Sidney H. Stein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street - Suite 1010
New York, NY 10007

Re:    **United States v. Rafael Rodriguez**
       **07 Cr. 749 (SHS)**

At the last conference on this case on December 6, 2007, among other issues there was a discussion of whether the defendant's statements to the police immediately upon his arrest could be introduced through the defendant's testimony or in cross-examination of the police officers. The government requested that the Court not allow elicitation of these statements by the defense at trial because it was impermissible hearsay to allow such inquiry. I argued to the Court that inquiry into these statements should be allowed because they were an exception to the hearsay rule because they were excited utterances under Federal Rule 803(2). The Court indicated that I could provide case law to support this position.

A.    **Statement of Facts concerning Federal Rule 803**

The defendant made statements to police immediately upon his arrest with words to the effect that he had just been a victim of an attempted robbery, had been beaten, and had taken the gun away from his assailant. He also provided the police a description of his assailant. Assistant United States Attorney Michael Maimin has advised me in words and substance that the police made a radio transmission of the description right after hearing it from the defendant.

It is the defense position that this statement was made immediately after Mr. Rodriguez experienced a stressful armed attack, suffered injuries in the attack, and after he ran in fear for his life.

B.    **Mr. Rodriguez's Statements are Admissible Under Rule 803**

Under Rule 803 of the Federal Rules of Evidence there are two exceptions that are relevant to this case.

Honorable Sidney H. Stein                              December 7, 2007
United States District Judge                           Page 2
United States District Court

**Re:    United States v. Rafael Rodriguez**
   **07 Cr. 749 (SHS)**

   (1)  **Present Sense Impression**: A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.

   (2)  **Excited utterance**: A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition.

   Statements that fall within the present sense impression exception to the hearsay rule "are considered to be trustworthy because the contemporaneity of the event and its description limits the possibility for intentional deception or failure of memory." United States v. Jones, 299 F. 3d 103, 112 (2d Cir. 2002) . Mr. Rodriguez's statements to the police fall within the present sense impression to the hearsay rule because they were made immediately after Mr. Rodgriguez experienced the attempted robbery and beating and they explain those events.

   The statements also fall with the excited utterance exception. As the Second Circuit explained in United States v. Tocco, "[t]he rationale for this hearsay exception is that the excitement of the event limits the declarant's capacity to fabricate a statement and thereby offers some guarantee of its reliability." 135 F. 3d 116, 127 (2d Cir. 1998); see also United States v. Jones, 299 F. 3d 103, 112 & n.3 (2d Cir. 2002) (noting that the "psychological impact" of the event or condition on the declarant provides the necessary indicia of reliability). The statement itself is enough to establish that the startling event occurred. The Third Circuit has held that an excited utterance does not need to be corroborated by evidence independent of the statement to be admissible under Rule 803(2). United States v. Brown, 254 F.3d 454, 459-60 (3d Cir. 2001). Although statements admitted as excited utterances often describe the startling event, the Rule only requires that the statement "relate to" the event. Guam v. Cepeda, 69 F. 3d 369, 372-73 (9th Cir. 1995) (affirming admission of statements that related to robbery, made minutes later, where declarant appeared excited); see also Cole v. Tansy, 926 F.2d 955, 958 (10th Cir. 1991) (agreeing that a statement to a police officer by an unidentified declarant bore sufficient indicia of reliability where declarant was excited, talking fast, and pointing around).

   The length of time between the startling event and the statement is one factor to be considered in determining whether the declarant was under the stress of excitement within the meaning of Rule 803(2), Jones, 299 F. 3d at 112, but "an excited utterance need not be contemporaneous with the startling event to be admissible under Rule 803(2)." Tocco, 135 F.3d at 127 (affirming the admission of statement given at least three hours after the startling event because declarant's "excitement obviously had not subsided"), United States v. Scarpa, 913 F.2d

Honorable Sidney H. Stein                                    December 7, 2007
United States District Judge                                 Page 3
United States District Court

Re:    **United States v. Rafael Rodriguez**
       **07 Cr. 749 (SHS)**

993, 1017 (2d Cir. 1990) (affirming admission of statement about an assault that were given five
or six hours after the assault), id. (listing cases affirming the admission of statements given hours
after startling events).   The critical question, as the Third Circuit stated it, is whether the
statement was made during the period of excitement engendered by the startling event.  Brown,
254 F.3d at 460 (listing cases that consider declarant's demeanor as well as the temporal gap
between the event and the statement).  The demeanor of the declarant is relevant to this
determination.  Jones, 299 F. 3d at 113 (affirming the admission of statement where the declarant
was "agitated" when giving statement), Scarpa, 913 F.2d at 1017 (considering testimony that
declarant was "very nervous" and had "been beat up" as factors in affirming admission of
statement).

        Mr. Rodriguez's statements to the police regarding the attempted robbery were made
minutes after he experienced a stressful armed attack, suffered injuries in the attack, and after he
ran in fear for his life.  He had no time to reflect on what had occurred prior to making the
statements.  The excitement caused by the attempted robbery and the resulting injuries – surely a
startling course of events – had not subsided when he made these statements.  They therefore are
admissible as excited utterances.

        Furthermore, preclusion of testimony regarding Mr. Rodriguez's statements related to the
robbery would render his narrative incomplete.  See United States v. Demosthene, 334 F. Supp.
2d 378, 381 (S.D.N.Y. 2004) (Marrero, J.) (explaining that the Court would exercise its
discretion under Rule 611(a) to allow defendant to provide a running narrative of events,
"including statements he may have made as the events were unfolding").  Where the defendant's
out-of-court statements are necessary to complete "the context of a series of events," the Court
has the discretion to allow them at trial.  Id.  The natural question in the jurors' minds upon
hearing Mr. Rodriguez's theory of the case will be whether he reported the attempted robbery at
the time of his arrest.  Precluding the mention of these statements surely will leave the jury with
the erroneous impression that Mr. Rodriguez did not mention the attempted robbery to the police,
thereby creating the impression that the attempted robbery is a recent fabrication.

Honorable Sidney H. Stein                                December 7, 2007
United States District Judge                             Page 4
United States District Court

**Re:    United States v. Rafael Rodriguez**
        **07 Cr. 749 (SHS)**

        For these reasons, the government's motion to preclude these statements should be
denied.

                                        Respectfully Submitted,

                                        John J. Byrnes, Esq.
                                        Attorney-in-Charge
                                        Tel.: (212) 417-8735

JJB/wt

cc:    Michael Maimin, Esq.