```
 1    SUPREME COURT OF THE STATE OF NEW YORK

 2    COUNTY OF BRONX: CRIMINAL TERM: PART 30

 3    ------------------------------------------X
      THE PEOPLE OF THE STATE OF NEW YORK    :Indictment
 4                                           :No. 63083C-2004
              -against-                      :
 5                                           :
      RAPHAEL RODRIGUEZ,                     :ASLT2
 6                                           :
                  Defendant.                 :Plea
 7
      ------------------------------------------X
 8
                                  851 Grand Concourse
 9                                Bronx, New York

10                                September 11, 2006

11    B E F O R E:

12              HONORABLE WILLIAM MOGULESCU,

13                      Supreme Court Justice

14    A P P E A R A N C E S:

15              ROBERT T. JOHNSON, ESQ.
                District Attorney Bronx County
16              BY:  NINA CARLOW, ESQ.
                     Assistant District Attorney
17
                THE BRONX DEFENDERS
18              Attorneys for Defendant
                BY:  AMY GALLICCHIO, ESQ.
19
                     *         *         *
20
                                  BONNIE DUNEFSKY
21                                Senior Court Reporter

22

23

24

25
```

1        THE CLERK: On the motion calendar,
2   Raphael Rodriguez, numbers 18, 19, 20, 21 and 22 and
3   23, on the trial calendar, numbers 29, 34, 36, also
4   38, 39, 40 and also number 25. Defendant produced.
5        MS. GALLICCHIO: Bronx Defenders by Amy
6   Gallicchio.
7        MS. CARLOW: Nina Carlow for the Office of
8   the District Attorney appearing for ADA Allen Karen.
9        THE COURT: Want to come up, please?
10       (Whereupon, a discussion was held off the
11  record between the Court and counsel.)
12       THE DEFENDANT: Your Honor --
13       THE COURT: You should speak to
14  Ms. Gallicchio first. Yes, you may speak.
15       THE DEFENDANT: First of all, as you know,
16  I understand -- I have done jail cases. I understand
17  courtroom. Several times, black eye, broken legs,
18  arms, you know what I'm saying? You know, my thing is
19  this. I just got my life back, and first thing, you
20  know what I'm saying, I know is that I'm getting break
21  right now, whatever, only thing I'm asking for is my
22  life back. I'm doing a lot, man, you know, I'm
23  willing to take time served. I just got off parole.
24  I just maxed out. I spent my whole life, you know
25  what I'm saying, in corrections. You know what I'm

1  saying?  The only thing I'm asking for is a chance.
2          THE COURT:  I don't know that that's going
3  to be a possibility, Mr. Rodriguez.  You may have to
4  take your chances.  I mean that's -- you know, that's
5  where we stand.  We may have to litigate.
6          THE DEFENDANT:  So can I get a three flat
7  right now?
8          (Whereupon, a discussion was held off the
9  record between the Court and counsel.)
10         THE COURT:  With a view towards disposition
11 the People are moving to consolidate indictments
12 23783C of '05 with 34177C of '05?
13         MS. CARLOW:  That is correct, your Honor.
14         THE COURT:  So the count that he's going to
15 plead guilty to is on 34177C; is that right?
16         MS. CARLOW:  That is correct.
17         THE COURT:  That would be the February 4,
18 2002, Ms. Gallicchio.
19         MS. GALLICCHIO:  Yes, that's correct.
20         THE COURT:  On that, on the consolidated
21 indictment you have an application for Mr. Rodriguez
22 to plead guilty to attempted assault in the second
23 degree?
24         MS. GALLICCHIO:  Yes, your Honor.
25         THE COURT:  And that's under the second

1   count of what had been indictment 34177C; is that
2   right?
3           MS. GALLICCHIO: Correct.
4           THE COURT: And also, with a view towards
5   disposition, on 3239 of '04 the defendant -- the
6   People, with a view towards disposition, are
7   dismissing the counts of robbery in the first degree
8   and robbery in the second degree; is that right?
9           MS. CARLOW: That's right, your Honor.
10          THE COURT: And Ms. Gallicchio, your client
11  has an application to plead guilty now to the crime of
12  grand larceny in the fourth degree; is that right?
13          MS. GALLICCHIO: Yes, that's correct.
14          THE COURT: Mr. Rodriguez, is
15  Ms. Gallicchio your attorney?
16          THE DEFENDANT: Yes.
17          THE COURT: Are you fully satisfied with
18  her work in this case?
19          THE DEFENDANT: Yes.
20          THE COURT: These cases, have you
21  completely discussed these cases with her?
22          THE DEFENDANT: Yes.
23          THE COURT: Do you wish to plead guilty to
24  two separate counts and what are now the two cases,
25  one being the count of attempted assault in the third

1    degree and the other being grand larceny in the fourth

2    degree; is that what you wish to do?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Before I accept your guilty

5    pleas I must advise you of the very valuable and

6    important rights you waive or give up when you plead

7    guilty in a criminal case.

8            So far you've entered a plea of not guilty

9    in each of these cases, and if you keep your plea at

10   not guilty you would have a jury trial.  At that jury

11   trial you would be protected by the presumption of

12   innocence and the burden would be on the prosecution

13   to prove your guilt beyond a reasonable doubt to the

14   full satisfaction of all 12 people on the jury.  If

15   even one juror had a reasonable doubt about your

16   guilt, you could not be convicted.

17           Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  At the trial you would have

20   the right to confront the witnesses against you.  That

21   means that people would come into court, they would

22   testify in open court and they could be cross-examined

23   by your attorney.

24           Do you understand that?

25           THE DEFENDANT:  Yes.

1    THE COURT: At the trial you would have
2    the right to call witnesses and introduce exhibits if
3    you wished to do so, but you wouldn't have to do that,
4    you wouldn't have to do anything because the burden
5    would always be on the People to prove your guilt
6    beyond a reasonable doubt. You would never have any
7    burden whatsoever to prove that you were not guilty.
8        Do you understand that?
9    THE DEFENDANT: Yes.
10   THE COURT: You would also at each of these
11   trials have the absolute right to testify if you chose
12   to do so, and the decision whether or not to testify
13   would be your choice.
14       Ms. Gallicchio, would you come up for a
15   moment, please?
16       Would be your choice. Obviously you'd be
17   able to discuss with Ms. Gallicchio or anybody else
18   whether or not you wanted to testify, but in the final
19   analysis it would be up to you to decide whether you
20   wanted to or not. If you decided for any reason that
21   you didn't wish to do it, it couldn't be held against
22   you at all. No negative or adverse inference could be
23   drawn against you because you have an absolute right
24   to remain silent, to say nothing.
25       Do you understand that?

1       THE DEFENDANT: Yes.

2       THE COURT: You also have a right against

3  self-incrimination. Nobody could ever force you or

4  threaten you or coerce you in any way to get you to

5  admit that you committed these crimes.

6       Is that understood?

7       THE DEFENDANT: Yes.

8       THE COURT: And when you plead guilty, you

9  give all that up, a jury trial, where you would be

10 protected by the presumption of innocence, you give up

11 your right to confront the witnesses against you, you

12 give up your right to call witnesses and introduce

13 exhibits, you give up your right to testify, as well

14 as your right to remain silent, and a guilty plea

15 waives or gives up your right against

16 self-incrimination. There won't be a trial in either

17 of these cases. Pleading guilty is exactly the same

18 as being convicted after trial.

19      Do you understand that?

20      THE DEFENDANT: Yes.

21      THE COURT: Understanding all of those

22 things, do you still wish to plead guilty?

23      THE DEFENDANT: Yes.

24      THE COURT: Now, in addition and quite

25 separately, you have a right to appeal any conviction

1    from this Court to a higher court, to the Appellate
2    Division. That's a right that you have even when you
3    plead guilty, and if you cannot afford a lawyer to do
4    your appeal, a lawyer will be assigned to you to write
5    the brief and argue the appeal, but that right, like
6    the other rights, is a right that could be waived or
7    given up, and as part of this plea bargain to resolve
8    these cases, you will be waiving or giving up your
9    right to appeal.
10              Do you understand that?
11              THE DEFENDANT: Yes.
12              THE COURT: And understanding that, do you
13   still wish to plead guilty?
14              THE DEFENDANT: Yes.
15              THE COURT: There is before you now two
16   written waivers which just lay out exactly what I just
17   told you as to your waiver of your right to appeal.
18   Just if you just want to take a moment to review them
19   with Ms. Gallicchio.
20              MS. CARLOW: Your Honor, if I could just
21   interject. I know that your written waiver of right
22   to appeal addresses the 30.30 issue.
23              THE COURT: I would --
24              MS. CARLOW: Okay, very good.
25              THE COURT: I'm going to get to that.

1        MS. CARLOW:  Thank you.

2        MS. GALLICCHIO:  So we're going to

3    eliminate the constitutional speedy trial claim.

4        THE COURT:  Well, he's waiving his right to

5    appeal.

6        MS. GALLICCHIO:  Yes.

7        THE COURT:  Yes.  All right.  I would like

8    you -- Mr. Rodriguez, you agree that you waive your

9    right to appeal; is that right?

10       THE DEFENDANT:  Yes.

11       THE COURT:  I'm going to ask you, if you

12   could -- so he could sign the waivers, please.  Okay?

13       MS. GALLICCHIO:  Yes.

14       THE COURT:  Mr. Rodriguez and

15   Ms. Gallicchio have both signed in open court the

16   waiver of right to appeal.  I accept the waiver in

17   each case.

18       Now, also, there are certain motions that

19   are pending in these matters, Mr. Rodriguez.  These

20   guilty pleas mean that those motions will be withdrawn

21   as mute.  You understand that?  Yes?

22       THE DEFENDANT:  Yes.

23       THE COURT:  You still wish to plead guilty,

24   right?

25       (Whereupon, a discussion was held off the

```
 1    record between defense counsel and defendant.)
 2              THE COURT:  And as part of this agreement,
 3    all these misdemeanors are going to be dismissed as
 4    covered; is that right?
 5              MS. CARLOW:  Yes, they are absolutely
 6    dismissed.
 7              THE COURT:  Mr. Rodriguez, all the
 8    misdemeanors are going to be dismissed today as part
 9    of this plea agreement.
10              (Whereupon, a discussion was held off the
11    record between defense counsel and defendant.)
12              THE COURT:  Okay?
13              THE DEFENDANT:  Yes.
14              THE COURT:  You're pleading guilty to two
15    class E felonies.  Each is punishable by up to four
16    years in prison.  I am going to sentence you to two to
17    four, run those sentences together, concurrently with
18    each other.
19              Do you understand that?
20              THE DEFENDANT:  Yes.
21              THE COURT:  These are felony convictions,
22    non-violent felonies.  If you're again convicted of a
23    felony within 10 years, penal law felony within 10
24    years from the day of sentence in this case, not
25    counting any time in jail or in prison on this case or
```

```
 1   any other predicate felony, you will be subject to
 2   harsher punishment.
 3            Is that understood?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  If you are not a citizen of the
 6   United States, these convictions will be a basis for
 7   your deportation.
 8            Do you understand that?
 9            THE DEFENDANT:  Yes.
10            THE COURT:  Understanding those things, do
11   you still wish to plead guilty?
12            THE DEFENDANT:  Yes.
13            THE COURT:  Are you pleading freely and
14   voluntarily because you are in fact guilty?
15            THE DEFENDANT:  Yes.
16            THE COURT:  Has anybody forced you or
17   threatened you or coerced you in any way to get you to
18   plead guilty?
19            THE DEFENDANT:  No.
20            THE COURT:  Now, on the assault indictment
21   it's charged that on or about February 4, 2005 here in
22   the Bronx at a correctional institution out at Rikers
23   Island -- no, I'm sorry -- inside, this was inside of
24   215 East 161st Street here in the Bronx you, with the
25   intent to cause physical injury to another person, did
```

```
 1    cause that injury by punching and kicking that person.
 2             Are those charges true?
 3             THE DEFENDANT:  Yes.
 4             THE COURT:  Caused serious physical -- I'm
 5    sorry -- to a correction officer, you did cause injury
 6    to that correction officer, physical injury to the
 7    correction officer.
 8             Those charges are true; is that right,
 9    Mr. Rodriguez?
10             THE DEFENDANT:  Yes.
11             THE COURT:  And on the other indictment,
12    3239 of 2004 it's charged that on or about June 27,
13    2004 inside of 1478 White Plains Road here in the
14    Bronx what you did is you stole some property from the
15    person of another, from somebody else, you took some
16    money, a watch, I'm sorry, money and a watch from
17    another person; is that right?
18             THE DEFENDANT:  Yes.
19             THE COURT:  And you made a small threat to
20    take it, correct?
21             THE DEFENDANT:  Yes.
22             THE COURT:  Are the pleas acceptable to
23    the People?
24             MS. CARLOW:  Yes, they are, your Honor.
25             THE COURT:  All right.  Joe, would you take
```

1  those two pleas?

2  THE CLERK: Raphael Rodriguez, you now
3  withdraw your previously entered plea on indictment
4  34177C of '05 and now plead guilty to the crime of
5  attempted assault in the second degree, that plea is
6  to cover that entire indictment, is that what you're
7  doing?

8  THE DEFENDANT: Yes.

9  THE CLERK: And Raphael Rodriguez, do you
10 now withdraw your not guilty plea on 3239 of 2004 and
11 now plead guilty to the crime of grand larceny in the
12 fourth degree, that plea is to cover the entire
13 indictment; is that what you're doing, sir?

14 THE DEFENDANT: Yes.

15 THE COURT: All right. Now, as a result of
16 these pleas, the four misdemeanor dockets, docket
17 2005BX038083, 2005BX010265, 2005BX005470 and 6308C of
18 '04, those dockets are dismissed as covered; is that
19 right, Ms. Carlow?

20 MS. CARLOW: That is correct.

21 THE COURT: Dismissed as covered. The
22 pending motions are withdrawn as mute; is that right,
23 Ms. Gallicchio?

24 MS. GALLICCHIO: Yes.

25 THE COURT: Now what we need to get is the

1  date for sentence.  How about October 26?

2  　　　　　MS. GALLICCHIO:  Judge, is there any chance

3  you would consider going through the holiday into the

4  new year?  Not at this time.

5  　　　　　THE COURT:  Right.

6  　　　　　MS. GALLICCHIO:  Okay.

7  　　　　　THE COURT:  Let's do it one step at a time.

8  　　　　　MS. GALLICCHIO:  The only reason I'm

9  asking that -- you know, what I'm saying -- okay, I'll

10 speak with my client.

11 　　　　　THE COURT:  October 26.  He has a blue card

12 on 34177C, yes, as well as 3229.  I just want to make

13 sure you continue to get the jail credit on both

14 cases.  The other cards are essentially dismissed as

15 far as corrections is concerned.

16 　　　　　MS. CARLOW:  So the defendant is remanded?

17 　　　　　THE COURT:  He's at least remanded on one

18 of them.

19 　　　　　　　　*　　　*　　　*

20 The foregoing is hereby certified to be a true and
   accurate transcript of the proceedings as transcribed
21 from the stenographic notes.

22

23 　　　　　　　　　BONNIE DUNEFSKY
   　　　　　　　　　Senior Court Reporter

24

25